**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAHEEM R. HILTS,

                          Plaintiff,

           v.

TAHSINA AHMED-SAIF and
DR. BHARAT B. LANGER,

                        Defendants.

1:26-CV-286
(AMN/DJS)

**APPEARANCES:**

JAHEEM R. HILTS
Plaintiff, *Pro Se*
Schenectady, New York 12305

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has forwarded for review a Complaint filed by Plaintiff. Dkt. No. 1, Compl. The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

### I. FACTUAL ALLEGATIONS IN THE COMPLAINT

The Complaint in this action was filed by using a form complaint for actions pursuant to 42 U.S.C. § 1983. *See generally* Compl. The factual allegations contained

- 1 -

in the Complaint are minimal. *Id.* Plaintiff alleges that Defendants Tahsina Ahmed-Saif and Dr. Bharat B. Langer, M.D. "keep making up lies in their paperwork to keep [Plaintiff] on Court ordered medication." *Id.* at p. 2. Plaintiff further alleges that he is "The Satanic Pope" and that "[t]aking medication against [his] will is against [his] religion." *Id.* Plaintiff brings claims for "[s]lander, [r]eligious [d]iscrimination, and violating [his] 1st Amendment." *Id.*

## II. GOVERNING LEGAL STANDARD

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### III. DISCUSSION

### A. Section 1983 Claim

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005)) (internal quotations and alterations omitted).

For example, in *Davis v. Cap. City Rescue Mission*, the plaintiff's complaint alleged that defendants violated plaintiff's First Amendment rights. 2013 WL 6062325, at *2 (N.D.N.Y. Nov. 18, 2013), *report and recommendation adopted*, 2013 WL 6497727 (N.D.N.Y. Dec. 10, 2013). More specifically, the complaint alleged that defendants, among other things, sat next to plaintiff while he was watching a movie in a chapel and told him that "nobody likes or trust[s] Muslims." *Id.* at *1 (internal quotation marks omitted) (alteration in original). On initial review, court noted that the "[p]laintiff ha[d]

not alleged any state action" and "the complaint d[id] not allege any facts plausibly suggesting that the [defendants] w[ere] engaged in a joint action with the State or its agents." *Id.* at *2. As such, the complaint was dismissed with prejudice for failure to allege state action. *Id.*

Here, the Complaint alleges that Defendants violated Plaintiff's rights under 42 U.S.C. § 1983. Compl. at p. 1. Specifically, Plaintiff alleges that Defendants violated his First Amendment rights by engaging in religious discrimination. *Id.* at p. 2. However, the Complaint has not alleged any state action on the part of Defendants. *See generally id.* Further, the Complaint does not allege any facts plausibly suggesting that Defendants were engaged in a joint action with the State or its agents. *See generally id.* Accordingly, the Court recommends that Plaintiff's Section 1983 claim be dismissed for failure to allege state action.

### B. Remaining State Law Claim

Having established that Plaintiff's claim pursuant to 42 U.S.C. § 1983 is subject to dismissal, the only remaining claim that Plaintiff seeks to pursue is a state law claim for slander. Compl. at p. 2. However, "[f]ederal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quotations omitted). Jurisdiction in federal court generally exists only when diversity of citizenship is present. 28 U.S.C. § 1332. "To have complete diversity, 'each plaintiff's citizenship must be different from the citizenship of each defendant.'" *Johnson v. Glob. Promotion & Pub.*

*Corp.*, 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (quoting *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009)).   Here, the Complaint alleges that Plaintiff and the Defendants are all residents of New York.  Compl. at pp. 1-2.  As a result, there is clearly a lack of complete diversity, and no diversity jurisdiction exists in this case.  *See Butler v. Geico Gen. Ins. Co.*, 2019 WL 330591, at *3 (N.D.N.Y. Jan. 25, 2019), *report and recommendation adopted*, 2019 WL 652197 (N.D.N.Y. Feb. 15, 2019).

While a district court may exercise supplemental jurisdiction over state law claims if certain conditions are met, 28 U.S.C. § 1367(a), the court may decline to do so where it "has dismissed all claims over which it has original jurisdiction."   28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Here, having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claim Plaintiff may be asserting.

## C. Amendment

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting

*Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Davis v. Cap. City Rescue Mission*, 2013 WL 6062325, at *2 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (alteration in original). Here, there is no indication that Plaintiff could state any valid federal cause of action or bring this case within the Court's diversity jurisdiction. Accordingly, the Court recommends that the Complaint be dismissed with prejudice and without leave to amend.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be dismissed with prejudice and without leave to amend;

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 27, 2026
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge