**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAHEEM R. HILTS,

                    Plaintiff,

        v.                                                          1:26-cv-00286 (AMN/DJS)

TAHSINA AHMED-SAIF and DR.
BHARAT B. LANGER,

                    Defendants.

**APPEARANCES:**                                       **OF COUNSEL:**

**JAHEEM R. HILTS**
845 Broadway – Apartment 324
Schenectady, New York 12305
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On February 23, 2026, plaintiff *pro se* Jaheem R. Hilts ("Plaintiff") commenced this action against defendants Tashina Ahmed-Saif and Dr. Bharat B. Langer (together, "Defendants"), asserting claims under 42 U.S.C. § 1983 ("Section 1983") and New York state law.  Dkt. No. 1. Plaintiff sought and received leave to proceed *in forma pauperis*.  Dkt. Nos. 2, 5.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on March 27, 2026, recommended that the Complaint be dismissed with prejudice and without leave to amend.  Dkt. No. 6 ("Report-Recommendation").  Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the

Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 7-8.[1]

Plaintiff filed an objection to the Report-Recommendation on April 10, 2026. Dkt. No. 7.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety and dismisses the Complaint with prejudice and without leave to amend.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229. Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

*Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at \*1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at \*1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at \*2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at \*1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

As detailed in the Report-Recommendation, Plaintiff alleges that he is "'The Satanic Pope' and that '[t]aking medication against [his] will is against [his] religion'" and that Defendants "keep

making up lies in their paperwork to keep [Plaintiff] on Court ordered medication." Dkt. No. 6 at 2 (alterations in original) (quoting Dkt. No. 1 at 2).

Magistrate Judge Stewart first determined that Plaintiff had failed to state a Section 1983 claim because Plaintiff had not alleged any state action by either Defendant. *Id.* at 4-5; *see also Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) ("To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of 'rights, privileges or immunities secured by the Constitution or laws of the United States.'") (citation omitted). In the absence of viable federal claim, Magistrate Judge Stewart next recommended declining to exercise supplemental jurisdiction over Plaintiff's state law claim against non-diverse parties. Dkt. No. 6 at 5-6. Finally, given the substantive defects with Plaintiff's allegations, Magistrate Judge Stewart recommending denying leave to amend. *Id.* at 6-7.

Plaintiff's two-sentence submission in response to the Report-Recommendation offers a cursory objection to these findings and provides "a photo copy of [his] book The Satanic Pope Enlightenment brief Masonic Philosophy, which can be purchased on" various websites. Dkt. No. 7 at 1. Because Plaintiff's objection is general and conclusory, the Court reviews the Report-Recommendation for clear error, and finds none. *Caldwell*, 2022 WL 16918287, at *2. As a result, the Report-Recommendation is adopted in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules and close this case.[2]

**IT IS SO ORDERED.**

Dated: April 22, 2026
　　　　Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.